IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOAN ZACHARY,                              )
                                           )
            Plaintiff,                     )
                                           )
    v.                                     ) No. 10 C 8308
                                           )
TRANSPORTATION SECURITY,                   )
ADMINISTRATION, UNITED STATES              )
DEPARTMENT OF HOMELAND                     )
SECURITY, and JANET NAPOLITANO,            )
Secretary,                                 )
                                           )
            Defendants.                    )

## **OPINION AND ORDER**

Plaintiff Joan Zachary is an employee of defendant Transportation Security Administration ("TSA").[1] Plaintiff is an African-American woman. Plaintiff labels her present claims as (I) retaliation in violation of Title VII of the

---

[1] Plaintiff's Complaint refers to defendants, plural, and the case has been docketed as having three defendants: Secretary Napolitano, TSA, and the Department of Homeland Security ("DHS"). Since the case has been docketed as having three defendants, this opinion will refer to defendants.

Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*; (II) a Title VII hostile work environment claim based on sexual harassment; (III) "disparate treatment" in violation of Title VII § 703(k), 42 U.S.C. 2000e-2(k);[2] and (IV) Title VII race and gender discrimination. Defendants moved to dismiss or alternatively for summary judgment on the ground that plaintiff failed to properly exhaust her administrative remedies in that her formal complaint of discrimination was untimely. The motion has been treated as one for summary judgment. Defendants complied with the requirements of Local Rule 56.1 and plaintiff was provided an opportunity to respond.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. ***Crawford v. Metro. Gov't of Nashville & Davidson Cty., Tenn.***, 555 U.S. 271, 274 n.1 (2009); ***Malen v. MTD Prods., Inc.***, 628 F.3d 296, 303 (7th Cir. 2010); ***Stokes v. Bd. of Educ. of City of Chicago***, 599 F.3d 617, 619 (7th Cir. 2010). The burden of establishing a lack of any genuine issue of material fact rests on the movant. ***Ponsetti v. GE Pension Plan***,

---

[2]Plaintiff labels this as "disparate treatment," but cites § 703(k), which concerns disparate impact. This claim apparently is based on race and gender discrimination as well as retaliation.

614 F.3d 684, 691 (7th Cir. 2010); *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). The nonmovant, however, must make a showing sufficient to establish any essential element for which she will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 389 (7th Cir. 2010). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. *Celotex*, 477 U.S. at 324; *Freundt v. Allied Tube & Conduit Corp.*, 2007 WL 4219417 *2 (N.D. Ill. Nov. 29, 2007); *O'Brien v. Encotech Constr.*, 2004 WL 609798 *1 (N.D. Ill. March 23, 2004). Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. *See Lorillard Tobacco Co. v. A & E Oil, Inc.*, 503 F.3d 588, 594-95 (7th Cir. 2007); *Yasak v. Ret. Bd. of Policemen's Annuity & Benefit Fund of Chicago*, 357 F.3d 677, 679 (7th Cir. 2004); *Lampley v. Mitcheff*, 2010 WL 4362826 *6 (N.D. Ind. Oct. 27, 2010). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 978 (7th Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986) (citation and

internal quotation omitted)). The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325, 106 S. Ct. 2548. Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" *Logan*, 96 F.3d at 978. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." *Id.* (citation omitted). In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted). Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505 (1986). Hence, a "metaphysical doubt" regarding the existence of a genuine fact issue is not enough to stave off summary judgment, and "the nonmovant fails to demonstrate a genuine issue for trial 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . .'" *Logan*, 96 F.3d at 978 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986)).

*Outlaw*, 259 F.3d at 837.

Resolving all genuine factual disputes and drawing all reasonable inferences in plaintiff's favor, the facts taken as true for purposes of ruling on summary judgment are as follows. Plaintiff is an African-American woman employed by TSA as a security screener. On November 9, 2009, plaintiff contacted an EEO counselor concerning complaints of race and age discrimination and retaliation for prior EEO complaints. The next day, the EEO counselor interviewed plaintiff. On January 25, 2010, the EEO counselor conducted a final interview with plaintiff, informing plaintiff that no resolution was obtained and advising her regarding her right to file a formal complaint and related procedures. A Notice of Right to File a Formal Complaint of Discrimination dated January 25, 2010 (the "Notice") was sent by certified mail to plaintiff's attorney. The attorney did not receive the letter until April 5, 2010. The Notice informed plaintiff that she had 15 days after receipt of the Notice to file a formal EEO complaint with TSA.

On June 24, 2010, TSA's Office of Civil Rights received from plaintiff's attorney a letter dated June 7, 2010 with a copy of plaintiff's EEO complaint attached. The letter was postmarked June 14, 2010. The attached complaint was

treated as plaintiff's formal EEO complaint. In the cover letter, the attorney stated on plaintiff's behalf:

> . . . I realize that the document is extremely late considering the timeframe allotted for response. However, due to the continuing actions against my client at the airport and the retaliatory reprisals perpetrated on Ms. Zachary, she was left homeless and void of any communication devices to expedite the complaint.
> I am requesting either waive the tardiness in reply or re-open the case for investigation. Please examine the attached documents and consider the case at hand. . . .

In a letter dated July 6, 2010, TSA acknowledged receipt of the formal complaint and stated it would be reviewed to determine whether it meets the requirements for processing. In its final decision dated September 29, 2010, TSA dismissed the formal complaint in that it was untimely, having been postmarked 55 days after the April 20, 2010 deadline (15 days after April 5) for submitting a formal complaint. The final decision states in part:

> In a letter accompanying Complainant's formal complaint, you stated "I realize that the [formal complaint] is extremely late considering the timeframe allotted for response." You then requested the agency toll or waive the time period for filing because Complainant "was left homeless and void of any communication devices to expedite the complaint." Title 29 C.F.R. § 1614.605(e) specifically provides a "complainant shall at all times be responsible for proceeding with the complaint whether or not he or she has

designated a representative." During Complainant's alleged period being "void of any communication devices," Complainant was able to report to work at the airport, which has available public phones. In addition, you had no communication with TSA between April 5 and June 14, 2010, regarding Complainant's situation or requesting an extension. You identified neither circumstances preventing Complainant from satisfying the timeliness requirement nor any reasonable justification to warrant extension, estoppel, or equitable tolling of the 15-day filing requirement.

The final decision closes by stating that this is "the final action" by DHS and noting that plaintiff had a right to appeal, with information and forms about appealing being enclosed with the final decision.

In ¶ 10 of her Local Rule 56 response to defendants' statement of facts, plaintiff states: "Plaintiff lost her residence due to situations surrounding her work life and personal life and it was the reason Plaintiff's counsel requested the Office of Civil Rights and Civil Liberties to indulge the Plaintiff in the claim previously filed." There is no citation to the record supporting these factual assertions. Therefore, the assertions are not credited. *See **FTC v. Bay Area Bus. Council, Inc.**,* 423 F.3d 627, 633-34 (7th Cir. 2005). On summary judgment, it cannot be taken as true that plaintiff was prevented from timely filing a formal complaint due to homelessness.

This court's consideration of a federal employee's discrimination claim is *de novo*, both as to the merits and administrative issues such as timeliness and exhaustion. ***Smith v. Potter***, 445 F.3d 1000, 1011 (7th Cir. 2006). Failure to timely file a formal complaint of discrimination is grounds for dismissing a federal employee's discrimination claim due to failure to properly exhaust administrative remedies. ***Ester v. Principi***, 250 F.3d 1068, 1071 (7th Cir. 2001). Such a failure, though, will not necessitate dismissal of the lawsuit if the claimant can show waiver, estoppel, or equitable tolling. *Id.* The burden is on plaintiff to provide evidence supporting that one of these doctrines is satisfied. *See* ***Jenkins v. Shinseki***, 2010 WL 2774702 *2 (C.D. Ill. July 12, 2010); ***Batchelor v. Donovan***, 2009 WL 4173180 *3 (N.D. Ill. Nov. 23, 2009), *aff'd by unpublished order*, 380 F. App'x 537 (7th Cir. 2010); ***Walton v. Potter***, 2007 WL 2962776 *3 (N.D. Ill. Oct. 5, 2007). Plaintiff is also required to make a sufficient legal argument in support of her contentions. *See* ***Russell v. Harms***, 397 F.3d 458, 465-66 (7th Cir. 2005).

Without expressly referring to her alleged homelessness, plaintiff notes in her brief that counsel sought to reopen her case based on her circumstances making it difficult to respond to the interview findings. Plaintiff does not make

any equitable tolling argument based on this contention. To the extent plaintiff is asserting equitable tolling, any such contention is rejected because not supported by evidence or any legal argument.

Instead, plaintiff's primary contention appears to be either that her present lawsuit is timely so it should be considered or that defendants waived any issue regarding timeliness of her formal complaint because TSA processed her formal complaint. Plaintiff does not cite any case law in support of her contentions nor does she develop any argument.

Plaintiff asserts that her present complaint should be allowed to proceed because she filed it within 90 days of the denial of her formal complaint. As set forth above, though, a timely lawsuit will be dismissed for failure to properly exhaust administrative remedies when the administrative formal complaint was untimely and plaintiff has not shown waiver, estoppel, or equitable tolling. *See Ester*, *supra*.

Plaintiff's other assertion is in the nature of waiver. The Seventh Circuit has held that "when an agency decides the merits of a complaint, without addressing the question of timeliness, it has waived a timeliness defense in a subsequent lawsuit." *Ester*, 250 F.3d at 1071-72. *Accord* **Hill v. Potter**, 2009 WL

901462 *5 n.4 (N.D. Ill. March 31, 2009). Further, "agencies do not waive a timeliness defense merely by accepting and investigating a discrimination complaint. . . . Nor does our rule prevent an agency from deciding the merits of a complaint at the risk of losing a timeliness objection; the agency is free to find the complaint untimely, and nonetheless proceed to address the merits of the case." *Ester*, 250 F.3d at 1072 n.1.

Here, TSA clearly denied plaintiff's formal complaint on the ground that it was untimely. That was the only ground for denying the formal complaint; TSA did not address the merits of plaintiff's allegations. Waiver does not apply.

Plaintiff failed to properly exhaust her administrative remedies and she has provided no facts supporting a ground for excusing that deficiency. Defendant is entitled to summary judgment.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment [13] is granted. The Clerk of the Court is directed to enter judgment in

favor of defendants and against plaintiff dismissing plaintiff's cause of action with prejudice.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: JANUARY 5, 2012